[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST TO REVISE (#118)
The plaintiff objects both to the form and substance of the defendant's Request to Revise (#112). While the defendant did not leave sufficient space for objections as required by Practice Book § 10-36, the substance of the defendant's Request to Revise is correct. For the following reasons, the plaintiff's objections are overruled.
The plaintiff shall plead in separate counts the allegations of recklessness and intentional conduct. "Alleged misconduct deemed to be `reckless,' . . . differs from intentional misconduct." Mingachos v. CBS, Inc., 196 Conn. 91, 103 (1983).
The plaintiff shall more specifically plead facts relative to any alleged untruthful statements, in particular what untruthful statements were made, when they were allegedly made and to whom they were allegedly made. See 2500 SS Limited Partnership v.White, Superior Court, judicial district of Fairfield, Docket No. 328934 (August 19, 1996, 17 Conn. L.Rptr. 449) (Levin, J.) and authorities cited therein. The plaintiff shall also plead each alleged publication in separate counts. Yavis v. Sullivan,137 Conn. 253, 261 (1950).
Finally, as presently framed, the intended cause of action in each count is not clear. "If any . . . pleading does not fully disclose the ground of claim . . ., the judicial authority may order a fuller and more particular statement . . ." Practice Book § 10-1. The plaintiff shall revise his pleadings such that the nature of the claim in each count is clear.
The plaintiff's Objections to Defendant's Request to Revise (#118) are overruled.
It is so ordered.
BY THE COURT:
Bishop, J.